UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

        Plaintiff,

        v.                                            Case No. 25-cv-1579-bbc

JUDGE LAURA CRIVELLO et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Lawrence McFarland, who is confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. He also filed a motion to proceed without prepaying the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915A. When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that McFarland has accumulated at least three strikes, including: 1) *McFarland v. Thompson*, Case No. 25-cv-0806, Dkt. No. 11 (E.D. Wis. Aug. 21, 2025) (dismissed

for failure to state a claim); 2) *McFarland v. Wellpath Healthcare Staff*, Case No. 25-cv-0507, Dkt. No. 15 (E.D. Wis. Aug. 20, 2025) (dismissed for failure to state a claim); and 3) *McFarland v. Wilborn*, Case No. 25-cv-0428, Dkt. No. 9 (E.D. Wis. May 6, 2025) (dismissed for failure to state a claim). Because McFarland has previously filed at least three actions which were dismissed for failure to state a claim, the Court will deny his motion for leave to proceed without prepayment of the filing fee unless he has alleged that he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

McFarland alleges that a judge and two lawyers conspired to "dupe, coerce, intimidate, and threaten [him] into taking a guilty plea." He does not allege an imminent threat of physical injury; therefore, he does not satisfy the imminent danger requirement. Accordingly, the Court will deny his motion for leave to proceed without prepaying the filing fee.

The fact that the Court is denying McFarland's request to proceed *in forma pauperis* means that McFarland must prepay the full $405 filing fee. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). If McFarland would like to proceed with this case, the Court must receive the filing fee by November 13, 2025. If McFarland pays the filing fee, the

Court will screen his complaint under 28 U.S.C. §1915A. Failure to pay in full by the deadline will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that McFarland's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that if McFarland wants to proceed with this case, he must forward to the clerk of this Court the $405 filing fee by **November 13, 2025**. The payment shall be clearly identified by the case name and number assigned to this action. McFarland's failure to comply with this order will result in dismissal of this case and assessment of the mandatory $350 statutory filing fee. *See* 28 U.S.C. §1915(b)(1).

Dated at Green Bay, Wisconsin on October 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge